**Beraldine L. ACHA and Arlene M. Egan, each Individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**Abraham D. BEAME, Individually and in his capacity as Mayor of the City of New York, et al., Defendants.**

No. 75 Civ. 3128.

United States District Court,
S. D. New York.

July 1, 1975.

Murray A. Gordon, P. C., New York City, for plaintiffs by Marina Angel, New York City, of counsel.

W. Bernard Richland, Corp. Counsel, New York City, for defendants by Gregory D. Frost, Nancy E. Siegel, New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

This action was instituted by the named plaintiffs on behalf of themselves and other female police officers to stay their threatened dismissal in the New York City police force. The dismissal is proposed by budgetary cutbacks and is to be conducted under Section 80 of the N.Y. Civil Service Law (McKinney 1973) which basically requires that those employees hired last will be first to be laid off in the event of a reduction in force. The action is brought under 42 U.S.C. §§ 1983 and 2000e–2, along with claimed deprivation of rights under the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution.

Plaintiffs request class determination but have not moved for the appointment of a three judge court pursuant to Section 2284 of Title 28 U.S.C.

Plaintiffs contend that from 1963 to 1969, no women were permitted to take a competitive examination for the position of policewoman (since that time the title "police officer" has been construed to cover both males and females.) How-

ever, in 1969, a Civil Service test was given for the post of policewoman and starting in 1972, appointments were made of the named plaintiffs and members of a class. During the same period, at least five examinations were given for policemen, and it is claimed by the plaintiffs that this situation produced discrimination against females on the New York City police force.

The layoffs now proposed will reduce the number of females on the police force by 73.5 per cent, while only 23.9 per cent of males will be discharged.

A claim similar to that raised here is to be found in *Jersey Central Power & Light Co. v. Local Union 327, etc.*, 508 F.2d 687 (3d Cir. 1975), and in *Waters v. Wisconsin Steel Works*, 502 F.2d 1309 (7th Cir. 1974). In both of these cases racial discrimination was claimed whereby blacks were discharged under a personnel cutback which occurred after an effort to alleviate the employer's former racially discriminatory hiring practices. The cutback came when the employer attempted to follow a recognized bona fide seniority system whereby those last hired were first to be relieved of their duties. In both cases the circuit courts held that such a seniority system was permissible.

The fact that the case at bar is bottomed on sexual discrimination does not alter they underlying principle which permits such a seniority system as approved by Section 80 of the New York Civil Service law. Indeed, such is the mandate of the Congress, found in Section 2000e–2(j) of Title 42 U.S.C., which prohibits "any employer . . . to grant preferential treatment to any individual or to any group because of . . . sex." To issue the order sought by the plaintiffs in this case would be directly contrary to that section and to the teachings of other circuits. Under the circumstances, the injunctive applications of the plaintiffs will be denied and the cause will be dismissed.

So ordered.